UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Elizabeth Amanda Davenport,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>Michael J. Astrue,<br><br>　　　　　　　Defendants. | Civil No. 10cv508 JM (AJB)<br><br>Report and Recommendation<br>Granting Motion to Dismiss<br><br>[Doc. No. 10] |

  Plaintiff, Elizabeth Amanda Davenport, who is proceeding with the assistance of counsel, brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner of Social Security ("Commissioner"), in which the Commissioner denied the Plaintiff's application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1382c. This matter is before the United States Magistrate Judge for a report and recommendation on Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. No. 10). For the reasons that follow, the undersigned RECOMMENDS that the Court GRANT Defendant's Motion based upon Plaintiff's failure to timely-file her Complaint.

## *Procedural History*

  On March 17, 2006, Plaintiff filed an application for supplemental security income (SSI) under Title XVI of the Social Security Act, alleging disability beginning February 1, 1990. The claim was denied initially on June 19, 2006 and upon reconsideration on January 2, 2007. On June 26, 2008, an

administrative law judge (ALJ) denied Plaintiff's application in a written decision made after a hearing. *See* Doc. No. 10-2, Declaration of Joan Devera, p.3, ¶ (3)(a)) (hereinafter "Declaration"); Doc. No. 10-3, Exhibit 1. The Plaintiff requested review of the ALJ's decision from the Appeals Council. *See* Doc. No. 10-2, Declaration, p. 3, ¶ (3)(a). On June 24, 2009, the Appeals Council denied Plaintiff's request for review of the ALJ's decision and copies of the Appeals Council denial were sent to Plaintiff and to her counsel of record. *See* Doc. No. 10-2, Declaration, p. 3, ¶ (3)(a); Doc. No. 10-3, Exhibit 2.

The Appeals Council denial informed the Plaintiff of her right to appeal the decision to the district court, informed the Plaintiff that she had to commence such action within 60 days of the notice, and that the Social Security Administration assumed receipt of the notice 5 days from the date it was issued. Doc. No. 10-2, Declaration, p. 3, ¶ (3)(a); Doc. No. 10-3, Exhibit 2, pp. 2-3.

On October 20, 2009, the Plaintiff requested a 30-day extension of time to file her complaint. Doc. No. 10-2, Declaration, p. 3, ¶ (3)(b). On January 29, 2010, the Appeals Council granted Plaintiff an additional 30 days to file and noted that it assumed Plaintiff received the letter 5 days after the date of the letter. Doc. No. 10-2, Declaration, p. 3, ¶ (3)(b); Doc. No. 10-3, Exhibit 4. Per the January 29, 2010 Appeals Council Notice, the Plaintiff had until March 5, 2010 to file her complaint in this court. The Plaintiff did not seek a second extension. Doc. No. 10-2, Declaration, p. 4, ¶ (3)(c). The Plaintiff did not file a her complaint in this action until March 9, 2010. Doc. No. 10-2, Declaration, p. 4, ¶ (3)(d); Doc. No. 1, Complaint.

On August 20, 2010, the Defendant filed the instant Motion to Dismiss. Doc. No. 10. Citing 20 C.F.R. §§ 416.1401, 422.210(c), and the January 29, 2010 letter, the Defendant asserts the Plaintiff had thirty days from February 3, 2010, within which to file her Complaint. The Defendant maintains that the Plaintiff's Complaint, which was due on or before March 5, 2010, was not filed until March 9, 2010,[1]

---

[1] Mailing of the Complaint does not constitute the commencement of an action. Instead, "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. "[A] complaint is deemed to be filed when it is tendered to the clerk of the appropriate court." *New Boston Dev. Co. v. Toler*, 999 F.2d 142, 142 (6th Cir.1993); Fed. R. Civ. P. 5(d)(2) ( "A paper is filed by delivering it: (A) to the clerk; or (B) to a judge who agrees to accept it for filing, and who must then note the filing date on the paper and promptly send it to the clerk."). The "prisoner mailbox rule" does not apply to Plaintiff because she is not a prisoner. *See Cowden v. U.S. Dep't of Labor*, No. Civ .A.04CV53JMH, 2005 WL 1691036, at *8 n. 10 (E.D. Ky. July 18, 2005) ("The *Houston v. Lack* 'mailbox rule' does not apply to the instant plaintiff, because he is a non-prisoner."); *Banks v. Astrue*, No. 1:09CV-00022-J, 2009 WL 2046861, at *4 (W.D. Ky. July 13, 2009) (finding a social security plaintiff's complaint to be filed on the

and is therefore untimely by four days. Additionally, the Defendant asserts that Plaintiff has not alleged a permissible basis to permit the Court to extend the limitations period. Consequently, the Defendant asks this Court to dismiss Plaintiff's Complaint as untimely. The Plaintiff has not filed an opposition to the Defendant's motion.

## *Discussion*

The Commissioner moves to dismiss all of Plaintiff's claims for failure to state a claim upon which relief can be granted, contending that the Plaintiff's claims are barred by the statute of limitations. The statute of limitations defense may be raised in a motion to dismiss, but only where "the running of the statute is apparent from the face of the complaint," and the motion should be granted "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Durning v. First Boston Corp.,* 815 F.2d 1265, 1278 (9th Cir. 1987). The issue of equitable tolling must be addressed when "the complaint, liberally construed in light of our 'notice pleading' system, adequately alleges facts showing the potential applicability of the equitable tolling doctrine." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir.1993) (emphasis added).

On a motion to dismiss for failure to state a claim, all material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir.1986). When granting a motion to dismiss for failure to state a claim, a court is generally required to grant a plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 246-47 (9th Cir.1990). In determining whether amendment would be futile, a court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir.1990). Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading. *Id.* at 296-97.

Under the doctrine of equitable tolling, a plaintiff may be permitted to file a claim after the sixty-day period has expired in those rare cases where fairness requires it, such as when the defendant

---

date the Clerk received the complaint rather than on the date it was mailed because there is "no authority for the proposition that a free citizen is legally entitled to operation of the mailbox rule ( i.e., her complaint should be treated as filed when mailed)").

fraudulently conceals the cause of action, or when there is excusable delay by the plaintiff. *Bowen*, 476 U.S. at 479; *Vernon*, 811 F.2d at 1278.  Equitable tolling focuses on the plaintiff's excusable ignorance of the limitations period and is "not available to avoid the consequences of one's own negligence." *Lehman v. United States*, 154 F.3d 1010, 1016 (9th Cir.1998). However, equitable tolling is not available when the plaintiff was represented by counsel during the relevant period of time.[2]

In the instant case, the Defendant aptly points out in its moving papers that the Plaintiff was represented by the same experienced[3] disability attorney for her entire Social Security disability benefits claim and continues to be represented by that same attorney in this case.  According to the Social Security Administration ("SSA") notices, Plaintiff's attorney received copies of the April 6, 2009 Notice of Decision-Unfavorable and the September 23, 2009 and January 29, 2010 Notices of Appeals Council Action from the SSA. *See* Def.'s Mot. Ex. 1.

In the Complaint, the Plaintiff alleges that she actually received the January 29, 2010 letter on February 8, 2010, after Section 422.210(c)'s five-day grace period. However, the date of receipt is presumed to be five (5) days after the date of such notice, unless there is a reasonable showing to the contrary. See 20 C.F.R. § § 404.901, 422.210(c); *see also Hyatt v. Heckler*, 807 F.2d 376, 378 (4th Cir.1986), cert. denied, 484 U.S. 820, 108 S.Ct. 79, 98 L.Ed.2d 41 (1987) [Upholding sixty day time

---

[2] *See Leorna v. United States Dept. of State*, 105 F.3d 548, 551 (9th Cir.1997) (addressing equitable tolling in the context of the Rehabilitation Act of 1973, § 504, 29 U.S.C.A. § 794 and stating: "However, once a claimant retains counsel, tolling ceases because she has gained the means of knowledge of her rights and can be charged with constructive knowledge of the law's requirements"); *see also Garfield v. Astrue*, 2008 WL 5221095, at *8 (N.D. Cal. Dec.12, 2008) (citing *Leorna* in denying tolling of 42 U.S.C. § 405(g), and not reaching the issue of plaintiff's alleged mental illness, stating: "[B]ecause plaintiff retained counsel ... the court need not reach whether grounds existed for tolling the limitations period ..."); *Vitt v. Astrue*, 2008 LEXIS 14674, at *5, 2008 WL 425936 (N.D. Cal. Feb. 14, 2008) (citing *Leorna* in denying tolling of 42 U.S.C. § 405(g) and stating: "Plaintiff, who was represented by counsel, had enough information to file her social security disability appeal on time. However, she and her attorney did not do so. Equitable tolling is not available to avoid the consequences of Plaintiff's negligence or that of her counsel"); *see also Mercado-Garcia v. Ponce Fed. Bank*, 979 F.2d 890, 896 (1st Cir.1992); *Daugherity v. Traylor Bros., Inc.*, 970 F.2d 348, 353 n. 8 (7th Cir.1992); *Beshears v. Asbill*, 930 F.2d 1348, 1351 (8th Cir.1991); McClinton v. Alabama By-Products Corp., 743 F.2d 1483, 1486 n. 4 (11th Cir.1984); *Vance v. Whirlpool Corp.*, 716 F.2d 1010, 1012-13 (4th Cir.1983), *cert. denied*, 465 U.S. 1102, 104 S.Ct. 1600, 80 L.Ed.2d 130 (1984); *Kocian v. Getty Refining & Mktg. Co.*, 707 F.2d 748, 755 (3d Cir.), *cert. denied*, 464 U.S. 852, 104 S. Ct. 164, 78 L.Ed.2d 150 (1983); *Keyse v. California Texas Oil Corp.*, 590 F.2d 45, 47 (2d Cir.1978); *Edwards v. Kaiser Aluminum & Chemical Sales, Inc.*, 515 F.2d 1195, 1200 n. 8 (5th Cir.1975).

[3] The Defendant states that a PACER search of Attorney Mary Mithcell's name in the Southern District of California brings up 103 cases against the Commissioner of Social Security (or Health and Human Services before the Agencies split).  *See* Motion to Dismiss at 5, n. 3, [Doc. No. 10].

limitation]; *Hunt v. Schweiker*, 685 F.2d 121, 122-123 (4th Cir.1982) [same]. While equitable tolling of the limitations period may be appropriate under some circumstances,[4] the Plaintiff has not made any argument for equitable tolling in this case. Indeed, the time for responding to the Defendant's motion to dismiss has now expired, without Plaintiff filing any response to the motion whatsoever. *Lanning v. Astrue*, Slip Copy, 2010 WL 3448623 D.S.C.,2010.

The Court agrees with Defendant that the Plaintiff's Complaint was due on or before March 5, 2010, and based upon the foregoing finds the Complaint is time-barred under Title 42 U.S.C. § 405(g).

### *Conclusion*

After a thorough review of the record and the papers submitted and based on the reasons set forth above, this Court hereby **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED.**

This Report and Recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). Any party may file written objections with the Court and serve a copy on all parties on or before **February 2, 2011.** This document should be captioned "Objections to Report and Recommendation." Any reply to the objections shall be filed and served on or before **February 17, 2011**.

IT IS SO ORDERED.

DATED: January 19, 2011

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court

---

[4] *See Bowen v. City of New York*, 476 U.S. 467, 480, 106 S. Ct. 2022, 90 L. Ed.2d 462 (1980)